D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONNIE DUREN,

                Plaintiff,

    -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, DETECTIVE ROBERT NARDO,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
12-CV-2214 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAY 16 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

On May 2, 2012, incarcerated pro se plaintiff Ronnie Duren ("plaintiff") filed another complaint in this court pursuant to 42 U.S.C. § 1983 ("Section 1983") concerning his June 28, 2011 arrest and subsequent criminal prosecution. Accompanying the instant complaint is an application to proceed in forma pauperis. Upon review of the plaintiff's declaration in support of his in forma pauperis application, the Court finds that he is qualified to file this action without prepayment of the filing fee. 28 U.S.C. §§ 1914, 1915(a)(1). Accordingly, the application to proceed in forma pauperis is granted.

However, for the reasons that follow, the Court sua sponte dismisses: (1) plaintiff's claims against the Nassau County Police Department with prejudice, and (2) the claims against the County of Nassau, as well as any claims he asserts against Detective Nardo, an employee of the County in his official capacity, without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii),

1

1915A(b)(2). The Court further orders that this case be consolidated with plaintiff's earlier action, 12-cv-298, pursuant to Federal Rule of Civil Procedure 42. The Clerk of the Court is directed to close this case.

II.     Background

On January 20, 2012, plaintiff filed a complaint in this court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective Jeffrey Raymond ("Raymond"), Detective Sergeant Gregory Quinn ("Quinn"), both of the Nassau County Police Department, and Nassau County District Attorney Kathleen Rice alleging only that, on June 28, 2011, he was arrested and charged with the murder of one (1) individual and the attempted murder of one (1) other individual. See Case Number 12-cv-298, Docket Entry No. 1. The undersigned granted plaintiff's in forma pauperis application, sua sponte dismissed the complaint, and granted plaintiff leave to file an amended complaint.

On April 11, 2012, plaintiff filed an amended complaint in that case, alleging that Detectives Raymond and Quinn "deprive[d] plaintiff of his constitutional rights, acting under color of law, denied plaintiff due process and equal protection of the law, by knowingly and intentionally falsified [sic] evidence and committing unlawful arrest absent of probable cause." Case Number 12-cv-298, Docket Entry No. 6 at ¶ 6. Plaintiff further claimed that District Attorney Rice "introduce[d] a felony complaint that fails to provide sufficient allegations of an evidentiary character supporting the charges." Id. at ¶ 7.

By order dated April 11, 2012, the undersigned sua sponte dismissed plaintiff's claims

against District Attorney Rice because they were barred by prosecutorial immunity, but allowed plaintiff's claims against defendants Raymond and Quinn to proceed. Plaintiff then improperly sought to further amend his complaint by simply filing a document entitled "Amended Complaint." By letter dated April 24, 2012, the Court's Pro Se Office returned the plaintiff's submission and provided him with instructions for seeking leave to further amend the complaint. Case Number 12-cv-298, Docket Entry No. 8.

Rather than follow this guidance, plaintiff filed the instant action. Like his earlier action, this complaint again raises claims related to his June 28, 2011 arrest. This time, plaintiff names the County of Nassau, the Nassau County Police Department, and Nassau County Detective Robert Nardo as defendants. According to the complaint, "the evidence used to create probable cause for an arrest was knowingly and intentionally falsified, depriving plaintiff of his constitutional rights and equal protection of the law." Complaint at ¶ IV.

III. Discussion

A. In Forma Pauperis Application

Having reviewed plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted.

3

B.   The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. Chavis, 618 F.3d at 169 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

C.   Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States... to the deprivation

4

> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured....

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

### 1. Claims Against the Nassau County Police Department

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also In re Dayton, 786 F. Supp.2d 809, 818 (S.D.N.Y. 2011); Hawkins v. Nassau County Correctional Facility, 781 F. Supp.2d 107, 109 at n. 1 (E.D.N.Y. 2011); Carthew v. County of Suffolk, 709 F. Supp.2d 188,195 (E.D.N.Y. 2010). Since the Nassau County Police Department is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, plaintiff's claims against the Nassau County Police Department are dismissed in their entirety with prejudice.

### 2. Claims Against Nassau County

Plaintiff's Section 1983 claims against the Nassau County are not plausible because plaintiff has not alleged any "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotations and citation omitted); see also Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-1, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). "A municipality may be liable under Section 1983 only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotations and citations omitted). A municipality, municipal entity, or public benefit corporation cannot be held liable under Section 1983 on a respondeat superior theory. See Monell, 436 U.S. at 691, 98 S.Ct. 2018; see also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed.2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality [or public benefit

corporation] caused the constitutional injury." Roe, 542 F.3d at 36; see also Connick, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury.") (emphasis in original) (quotations and citation omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359. In addition, "[i]n limited circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Id. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted).

Here, plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County; (2) actions taken or decisions made by County officials with final decision-making authority which caused the alleged violations of his civil rights; (3) a County practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking officials of those entities; or (4) a failure by County policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with its employees. Accordingly, plaintiff's claims against the County, as well as any claims he asserts

7

against Detective Nardo, an employee of the County in his official capacity, are dismissed with prejudice **unless plaintiff files an amended complaint stating plausible Monell claim against the County within thirty (30) days from the date this Order is served upon him.**

IV. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) sua sponte. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice . . . ."). In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are
> overborne by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses, and
> available judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as against a single
> one, and the relative expense to all concerned of the single-trial,
> multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

Here, both of plaintiff's actions were recently filed and have not yet proceeded to discovery; each of the complaints allege that plaintiff's constitutional rights were violated during the course of plaintiff's June 28, 2011 arrest and subsequent prosecution; and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, plaintiff's complaints, docketed as actions 12-298 and 12-2214 are consolidated for all pretrial purposes and for trial. The actions will henceforth proceed under docket number 12-cv-298 (the "lead case"). All papers filed in these actions shall henceforth bear only the lead case docket number, and the caption of this consolidated action shall be amended in accordance with this order.

V.   Conclusion

For the foregoing reasons, it is hereby:

ORDERED that plaintiff's application to proceed in forma pauperis is granted; and it is further,

ORDERED that the plaintiff's actions bearing docket numbers 12-cv-298 and 12-cv-2214 are consolidated for all purposes, including trial, to proceed under docket number 12-cv-

9

298 ("the consolidated action"); and it is further,

ORDERED that plaintiff's claims against the Nassau County Police Department are dismissed with prejudice; and it is further,

ORDERED that plaintiff's claims against the County of Nassau and Detective Nardo in his official capacity are dismissed with prejudice **unless plaintiff files an amended complaint stating plausible Monell claim against the County of Nassau within thirty (30) days from the date this order is served upon him,** and it is further,

ORDERED that the Clerk of Court shall: (1) amend the caption of the lead case in accordance with this order, (2) administratively close the action assigned docket number 12-cv-2214, and (3) forward to the United States Marshal for the Eastern District of New York copies of the summons, complaint, and this order for service upon defendants County of Nassau, Detective Jeffrey Raymond, Detective Sargent Gregory Quinn, Detective Robert Nardo and the County of Nassau, without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

                                                s/ Sandra J. Feuerstein
                                                _____
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated:       May 16, 2012
               Central Islip, New York